

**FILED**
CLERK, U.S. DISTRICT COURT

07/13/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
EMILY Z. CULBERTSON (Cal. Bar 282560)
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
    300 N. Los Angeles Street, Suite 2001
    Los Angeles, California 90012
    Telephone: (202) 230-0673
    E-mail:   emily.culbertson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

               v.

PATRICIA EDILIAN,
     aka "Patricia Khachaturyan,"
     aka "Parandzem Khachaturyan,"

          Defendant.

No. CR  LA21-cr-00317-SB

PLEA AGREEMENT FOR DEFENDANT
PATRICIA EDILIAN

**[UNDER SEAL]**

     1.   This constitutes the plea agreement between PATRICIA

EDILIAN, also known as Patricia Khachaturyan and Parandzem

Khachaturyan ("defendant") and the United States Attorney's Office

for the Central District of California and the Fraud Section of the

Criminal Division of the United States Department of Justice

(collectively, "the United States") in the investigation of

fraudulent submissions of claims to Medicare from M.G.A. Home Health

Services, Inc., 21st Century Nursing Services, Inc., and Montebello

Home Health Care, Inc., for medically unnecessary home health care. This agreement is limited to the United States Attorney's Office for the Central District of California and the Fraud Section of the Criminal Division of the United States Department of Justice and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. Give up the right to indictment by grand jury and, at the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to a single-count Information, in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and

2

prior to sentencing submits a completed financial statement on a form to be provided by the United States.

h.   At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $336,823.81, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution/fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, 11th Floor, Los Angeles, California 90012.

i.   Ability to pay shall be assessed based on the Financial Disclosure Statement, referenced below, and all other relevant information relating to ability to pay.

j.   Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

k.   Complete the Financial Disclosure Statement on a form provided by the United States and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the United States Attorney's Office for the Central District of California, Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

1     l. Authorize the United States to obtain a credit report
2 upon returning a signed copy of this plea agreement.

3     m. Consent to the United States inspecting and copying
4 all of defendant's financial documents and financial information held
5 by the United States Probation and Pretrial Services Office.

6     n. Agree that all court appearances, including
7 Defendant's change of plea hearing and sentencing hearing, may
8 proceed by video-teleconference ("VTC") or telephone, if VTC is not
9 reasonably available, so long as such appearances are authorized by
10 General Order 20-043 or another order, rule, or statute.  Defendant
11 understands that, under the Constitution, the United States Code, the
12 Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),
13 she may have the right to be physically present at these hearings.
14 Defendant understands that right and, after consulting with counsel,
15 voluntarily agrees to waive it and to proceed remotely.  Defense
16 counsel also joins in this consent, agreement, and waiver.
17 Specifically, this agreement includes, but is not limited to, the
18 following:

19     i. Defendant consents under Federal Rules of
20 Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES
21 Act to proceed with her initial appearance and arraignment by VTC or
22 telephone, if VTC is not reasonably available.

23     ii. Defendant consents under Section 15002(b) of the
24 CARES Act to proceed with her waiver of indictment, under Federal
25 Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not
26 reasonably available.

27     iii. Defendant consents under Section 15002(b) of the
28 CARES Act to proceed with her change of plea hearing by VTC or

1  telephone, if VTC is not reasonably available.

2           iv.   Defendant consents under Section 15002(b) of the

3  CARES Act to proceed with her sentencing hearing by VTC or telephone,

4  if VTC is not reasonably available.

5           v.   Defendant consents under 18 U.S.C. § 3148 and

6  Section 15002(b) of the CARES Act to proceed with any hearing

7  regarding alleged violations of the conditions of pretrial release by

8  VTC or telephone, if VTC is not reasonably available.

9           o.   Defendant understands and acknowledges that as a

10 result of pleading guilty pursuant to this agreement, defendant will

11 be excluded from Medicare, Medicaid, and all Federal health care

12 programs.  Defendant agrees to complete and execute all necessary

13 documents provided by the United States Department of Health and

14 Human Services, or any other department or agency of the federal

15 government, to effectuate this exclusion within 60 days of receiving

16 the documents.  This exclusion will not affect defendant's right to

17 apply for and receive benefits as a beneficiary under any Federal

18 health care program, including Medicare and Medicaid.

19    3.   Defendant further agrees to cooperate fully with the United

20 States, the Federal Bureau of Investigation ("FBI") and the

21 Department of Health and Human Services, Office of Inspector General

22 ("HHS-OIG") and, as directed by the United States, any other federal,

23 state, local, or foreign prosecuting, enforcement, administrative, or

24 regulatory authority.  This cooperation requires defendant to:

25           a.   Respond truthfully and completely to all questions

26 that may be put to defendant, whether in interviews, before a grand

27 jury, or at any trial or other court proceeding.

28

1         b.    Attend all meetings, grand jury sessions, trials or

2 other proceedings at which defendant's presence is requested by the

3 United States or compelled by subpoena or court order.

4         c.    Produce voluntarily all documents, records, or other

5 tangible evidence relating to matters about which the United States,

6 or its designee, inquires.

7         d.    If requested to do so by the United States, act in an

8 undercover capacity to the best of defendant's ability in connection

9 with criminal investigations by federal, state, local, or foreign law

10 enforcement authorities, in accordance with the express instructions

11 of those law enforcement authorities. Defendant agrees not to act in

12 an undercover capacity, tape record any conversations, or gather any

13 evidence except after a request by the United States and in

14 accordance with express instructions of federal, state, local, or

15 foreign law enforcement authorities.

16     4.    For purposes of this agreement: (1) "Cooperation

17 Information" shall mean any statements made, or documents, records,

18 tangible evidence, or other information provided, by defendant

19 pursuant to defendant's cooperation under this agreement or pursuant

20 to the letter agreement previously entered into by the parties dated

21 April 6, 2021 (the "Letter Agreement"); and (2) "Plea Information"

22 shall mean any statements made by defendant, under oath, at the

23 guilty plea hearing and the agreed to factual basis statement in this

24 agreement.

25                   THE UNITED STATES' OBLIGATIONS

26     5.    The United States agrees to:

27         a.    Not contest facts agreed to in this agreement.

28

1         b.   Abide by all agreements regarding sentencing contained

2 in this agreement.

3         c.   At the time of sentencing, provided that defendant

4 demonstrates an acceptance of responsibility for the offense up to

5 and including the time of sentencing, recommend a two-level reduction

6 in the applicable Sentencing Guidelines offense level, pursuant to

7 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8 additional one-level reduction if available under that section.

9         d.   Recommend that defendant be sentenced to a term of

10 imprisonment no higher than the low end of the applicable Sentencing

11 Guidelines range.  For purposes of this agreement, the low end of the

12 Sentencing Guidelines range is that defined by the Sentencing Table

13 in U.S.S.G. Chapter 5, Part A.

14     6.   The United States further agrees:

15         a.   Not to offer as evidence in its case-in-chief in the

16 above-captioned case or any other criminal prosecution that may be

17 brought against defendant by the United States, or in connection with

18 any sentencing proceeding in any criminal case that may be brought

19 against defendant by the United States, any Cooperation Information.

20 Defendant agrees, however, that the United States may use both

21 Cooperation Information and Plea Information: (1) to obtain and

22 pursue leads to other evidence, which evidence may be used for any

23 purpose, including any criminal prosecution of defendant; (2) to

24 cross-examine defendant should defendant testify, or to rebut any

25 evidence offered, or argument or representation made, by defendant,

26 defendant's counsel, or a witness called by defendant in any trial,

27 sentencing hearing, or other court proceeding; and (3) in any

28

1  criminal prosecution of defendant for false statement, obstruction of

2  justice, or perjury.

3         b.   Not to use Cooperation Information against defendant

4  at sentencing for the purpose of determining the applicable guideline

5  range, including the appropriateness of an upward departure, or the

6  sentence to be imposed, and to recommend to the Court that

7  Cooperation Information not be used in determining the applicable

8  guideline range or the sentence to be imposed.  Defendant

9  understands, however, that Cooperation Information will be disclosed

10 to the probation office and the Court, and that the Court may use

11 Cooperation Information for the purposes set forth in U.S.S.G

12 § 1B1.8(b) and for determining the sentence to be imposed.

13        c.   In connection with defendant's sentencing, to bring to

14 the Court's attention the nature and extent of defendant's

15 cooperation.

16        d.   If the United States determines, in its exclusive

17 judgment, that defendant has both complied with defendant's

18 obligations under paragraphs 2-3 above and provided substantial

19 assistance to law enforcement in the prosecution or investigation of

20 another ("substantial assistance"), to move the Court pursuant to

21 U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline

22 range below that otherwise dictated by the sentencing guidelines, and

23 to recommend a term of imprisonment at the low end of this reduced

24 range.

25              DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

26    7.   Defendant understands the following:

27        a.   Any knowingly false or misleading statement by

28 defendant will subject defendant to prosecution for false statement,

8

1  obstruction of justice, and perjury and will constitute a breach by
2  defendant of this agreement.

3          b.    Nothing in this agreement requires the United States
4  or any other prosecuting, enforcement, administrative, or regulatory
5  authority to accept any cooperation or assistance that defendant may
6  offer, or to use it in any particular way.

7          c.    Defendant cannot withdraw defendant's guilty plea if
8  the United States does not make a motion pursuant to U.S.S.G. § 5K1.1
9  for a reduced guideline range or if the United States makes such a
10 motion and the Court does not grant it or if the Court grants such a
11 motion from the United States but elects to sentence above the
12 reduced range.

13         d.    At this time the United States makes no agreement or
14 representation as to whether any cooperation that defendant has
15 provided or intends to provide constitutes or will constitute
16 substantial assistance.  The decision whether defendant has provided
17 substantial assistance will rest solely within the exclusive judgment
18 of the United States.

19         e.    The United States' determination whether defendant has
20 provided substantial assistance will not depend in any way on whether
21 the government prevails at any trial or court hearing in which
22 defendant testifies or in which the government otherwise presents
23 information resulting from defendant's cooperation.

24                            NATURE OF THE OFFENSE

25     8.    Defendant understands that for defendant to be guilty of
26 the crime charged in the Information, that is, conspiracy to defraud
27 the United States, in violation of Title 18, United States Code,
28 Section 371, the following must be true: (a) there was an agreement

between two or more persons to defraud the United States by
obstructing the lawful functions of the United States Department of
Health and Human Services, Centers for Medicare and Medicaid Services
("CMS") by deceitful and dishonest means; (b) defendant became a
member of the conspiracy knowing its object and intending to help
accomplish it; and (c) one of the members of the conspiracy performed
at least one overt act charged in the Information and did so in order
to further or advance the purpose of the conspiracy.

PENALTIES AND RESTITUTION

9.    Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 371, is: 5 years' imprisonment; a 3-year period of
supervised release; a fine of $250,000 or twice the gross gain or
gross loss resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.

10.    Defendant understands that defendant will be required to
pay full restitution to the victims of the offense to which defendant
is pleading guilty.  The United States agrees to request that the
Court impose on every co-conspirator convicted of conspiracy to
defraud the United States, in violation of 18 U.S.C § 371, joint and
several liability for the restitution owed to the victims of the
offense.  Defendant agrees that, in return for the United States'
compliance with its obligations under this agreement, the Court may
order restitution to persons other than the victims of the offense to
which defendant is pleading guilty and in amounts greater than those
alleged in the count to which defendant is pleading guilty.  In
particular, defendant agrees that the Court may order restitution to
any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3,

in connection with the offense to which defendant is pleading guilty for any losses suffered by that victim as a result.  The parties currently believe that the applicable amount of restitution is approximately $336,823, which includes relevant conduct and uncharged conduct, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to mandatory exclusion from providing services paid for under a federal health care benefit program for a minimum of five years, revocation of probation, parole, or supervised release in another case, and suspension or revocation

1   of a professional license.   Defendant understands that unanticipated

2   collateral consequences will not serve as grounds to withdraw

3   defendant's guilty plea.

4        13.   Defendant understands that, if defendant is not a United

5   States citizen, the felony conviction in this case may subject

6   defendant to: removal, also known as deportation, which may, under

7   some circumstances, be mandatory; denial of citizenship; and denial

8   of admission to the United States in the future.   The Court cannot,

9   and defendant's attorney also may not be able to, advise defendant

10  fully regarding the immigration consequences of the felony conviction

11  in this case.   Defendant understands that unexpected immigration

12  consequences will not serve as grounds to withdraw defendant's guilty

13  plea.

14                           FACTUAL BASIS

15       14.   Defendant admits that defendant is, in fact, guilty of the

16  offense to which defendant is agreeing to plead guilty.   Defendant

17  and the United States agree to the statement of facts provided below

18  and agree that this statement of facts is sufficient to support a

19  plea of guilty to the charge described in this agreement and to

20  establish the Sentencing Guidelines factors set forth in paragraph 16

21  below but is not meant to be a complete recitation of all facts

22  relevant to the underlying criminal conduct or all facts known to

23  either party that relate to that conduct.

24            At times relevant to this plea agreement, the Centers for

25  Medicare and Medicare Services ("CMS") was a federal agency that

26  administered the Medicare program.

27            To qualify for the Medicare home health benefit, a

28  beneficiary must: (1) have been confined to his or her home; (2) have

                                    12

1  been under the care of a physician; (3) have received services under
2  a CMS Form 485 Home Health Certification and Plan of Care ("485")
3  established and periodically reviewed by a physician; (4) have had a
4  face-to-face encounter with a physician or approved provider within a
5  specified period of time from the start of home health care; and (5)
6  need skilled nursing care on an intermittent basis, physical therapy,
7  speech-language pathology, or have a continuing need for occupational
8  therapy.

9        A patient was considered to be confined to his or her home
10 ("homebound") if the patient met two criteria: (1) the patient was
11 generally unable to leave home, such that leaving home required a
12 considerable and taxing effort; and (2) the patient must either,
13 (i) because of illness or injury, have needed the aid of supportive
14 devices such as a cane, walker, wheelchair, or the use of special
15 transportation, or required the assistance of another person in order
16 to leave his or her residence, or (ii) had a condition such that
17 leaving his or her home was medically contraindicated.

18       Prior to the start of care, a physician, registered nurse,
19 or qualified therapist must have completed an assessment of the
20 patient, using the Outcome and Assessment Information Set ("OASIS")
21 created by CMS.  The OASIS was a comprehensive assessment designed to
22 collect information on a home health care recipient's clinical
23 status, functional status, and service needs.  Part of the OASIS
24 assessment included a rating of the patient's ability to conduct
25 certain Activities of Daily Living ("ADLs"), such as grooming,
26 dressing, bathing, toileting, walking, and feeding him- or herself.

27       M.G.A. Home Health Services, Inc. ("MGA"), 21st Century
28 Nursing Services, Inc. ("21st CENTURY"), and Montebello Home Health

Care, Inc. ("MONTEBELLO"), were home health agencies located in Los Angeles County, within the Central District of California.  Narine Sagatelyan, Mariam Bazinyan, and Hripsme Mendelyan managed the day-to-day operations of MGA, 21ST CENTURY, and MONTEBELLO.

As part of her duties at MGA and 21ST CENTURY, defendant worked in the offices of MGA and 21ST CENTURY, and also visited patients in their homes.

Beginning no later than in or around June 2015, and continuing through at least in or around October 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant knowingly conspired with OWNER 1, MANAGER 1, MANAGER 2, and others to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of an agency of the United States, namely CMS, by deceitful and dishonest means.

As part of her duties at MGA and 21ST CENTURY, defendant completed OASIS forms for Medicare beneficiaries who were to receive home health care from MGA and/or 21ST CENTURY to be billed to Medicare (a program administered by CMS).

At the instruction of MANAGER 1 and others at MGA and/or 21ST CENTURY, defendant falsified numerous patients' OASIS forms by listing a minimum score of a 2 for certain ADLs, such as grooming, eating, toileting, and ambulation, even though she knew these scores were false and inflated.  At the instruction of MANAGER 1 and others at MGA and/or 21ST CENTURY, defendant falsely checked on numerous patients' OASIS form that the patient was "homebound," even though she knew that the patient was not homebound.  At the instruction of OWNER 1, MANAGER 1 and others at MGA and/or 21ST CENTURY, defendant

14

1 listed false ADLs scores that reflected at least one point of

2 improvement upon discharge, regardless of whether the patient's

3 condition had actually improved.

4     In some instances, MANAGER 1, who was not a licensed

5 medical provider, instructed defendant whether to certify, recertify,

6 or discharge a patient before defendant even saw the patient.

7 Defendant followed these instructions regardless of the true

8 condition of the patient.

9     By filling out the false OASIS forms and certifying or

10 recertifying patients for home health care when they did not need the

11 care, defendant caused MGA and/or 21ST CENTURY to bill medically

12 unnecessary home health care to Medicare.

13     Between in or around June 2015 and in or around October

14 2020, Medicare paid MGA and 21ST CENTURY approximately $336,823 for

15 medically unnecessary home health care for patients whose ADLs

16 defendant falsely inflated in the OASIS forms.

17     In furtherance of the conspiracy, and to accomplish its

18 objects, defendant committed the following overt acts:

19     On or about December 11, 2015, defendant signed an OASIS

20 form used by MGA to justify billing Medicare for medically

21 unnecessary home health care, in which form defendant knowingly made

22 the following false statements about G.S.'s health condition: that

23 G.S. was homebound, unable to walk more than 20 feet without

24 assistance, required a walker or human assistance to walk, needed

25 assistance to groom herself, and needed help with meal set up.

26     On or about November 22, 2016, defendant signed an OASIS

27 form used by MGA to justify billing Medicare for medically

28 unnecessary home health care for Medicare beneficiary G.A., in which

form defendant knowingly made the following false statements about G.A.'s health condition: that G.A. was homebound and had Parkinson's disease.

## SENTENCING FACTORS

15.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

16.   Defendant and the United States agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss Amount: | +12 | U.S.S.G. § 2B1.1(b)(1)(G) |
| Abuse of Trust / Use of Special Skill: | +2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 17 | |

The United States will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b))

16

only if the conditions set forth in paragraph 5(c) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.  Subject to paragraph 28 below, defendant and the United States agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the United States were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the United States, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the United States would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

17.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.  Defendant and the United States reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

1          c.    The right to be represented by counsel — and if
2     necessary have the Court appoint counsel — at trial.  Defendant
3     understands, however, that, defendant retains the right to be
4     represented by counsel — and if necessary have the Court appoint
5     counsel — at every other stage of the proceeding.
6          d.    The right to be presumed innocent and to have the
7     burden of proof placed on the government to prove defendant guilty
8     beyond a reasonable doubt.
9          e.    The right to confront and cross-examine witnesses
10    against defendant.
11         f.    The right to testify and to present evidence in
12    opposition to the charges, including the right to compel the
13    attendance of witnesses to testify.
14         g.    The right not to be compelled to testify, and, if
15    defendant chose not to testify or present evidence, to have that
16    choice not be used against defendant.
17         h.    Any and all rights to pursue any affirmative defenses,
18    Fourth Amendment or Fifth Amendment claims, and other pretrial
19    motions that have been filed or could be filed.
20                   WAIVER OF APPEAL OF CONVICTIONS
21         20.  Defendant understands that, with the exception of an appeal
22    based on a claim that defendant's guilty plea was involuntary, by
23    pleading guilty defendant is waiving and giving up any right to
24    appeal defendant's conviction on the offense to which defendant is
25    pleading guilty.  Defendant understands that this waiver includes,
26    but is not limited to, arguments that the statute to which defendant
27    is pleading guilty is unconstitutional, and any and all claims that
28

1  the statement of facts provided herein is insufficient to support

2  defendant's plea of guilty.

3              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

4       21.  Defendant agrees that, provided the Court imposes a total

5  term of imprisonment on the count of conviction within or below the

6  range corresponding to an offense level of 17 and the criminal

7  history category calculated by the Court, defendant gives up the

8  right to appeal all of the following: (a) the procedures and

9  calculations used to determine and impose any portion of the

10 sentence; (b) the term of imprisonment imposed by the Court; (c) the

11 fine imposed by the Court, provided it is within the statutory

12 maximum; (d) to the extent permitted by law, the constitutionality or

13 legality of defendant's sentence, provided it is within the statutory

14 maximum; (e) the amount and terms of any restitution order, provided

15 it requires payment of no more than $336,823; (f) the term of

16 probation or supervised release imposed by the Court, provided it is

17 within the statutory maximum; and (g) any of the following conditions

18 of probation or supervised release imposed by the Court: the

19 conditions set forth in Amended General Order 20-04 of this Court;

20 the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

21 3583(d); and the alcohol and drug use conditions authorized by 18

22 U.S.C. § 3563(b)(7).

23      22.  The United States agrees that, provided (a) all portions of

24 the sentence are at or below the statutory maximum specified above

25 and (b) the Court imposes a term of imprisonment within or above the

26 range corresponding to an offense level of 17 and the criminal

27 history category calculated by the Court, the United States gives up

28 its right to appeal any portion of the sentence, with the exception

that the United States reserves the right to appeal the amount of restitution ordered if that amount is less than $336,823.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; and (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a United States Department of Justice Trial Attorney.

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached.  For example, if defendant knowingly, in an interview, before a grand

1   jury, or at trial, falsely accuses another person of criminal conduct

2   or falsely minimizes defendant's own role, or the role of another, in

3   criminal conduct, defendant will have breached this agreement.  All

4   of defendant's obligations are material, a single breach of this

5   agreement is sufficient for the United States to declare a breach,

6   and defendant shall not be deemed to have cured a breach without the

7   express agreement of the United States in writing.  If the United

8   States declares this agreement breached, and the Court finds such a

9   breach to have occurred, then:

10          a.   If defendant has previously entered a guilty plea

11   pursuant to this agreement, defendant will not be able to withdraw

12   the guilty plea.

13          b.   The United States will be relieved of all its

14   obligations under this agreement; in particular, the United States:

15   (i) will no longer be bound by any agreements concerning sentencing

16   and will be free to seek any sentence up to the statutory maximum for

17   the crime to which defendant has pleaded guilty; and (ii) will no

18   longer be bound by any agreement regarding the use of Cooperation

19   Information and will be free to use any Cooperation Information in

20   any way in any investigation, criminal prosecution, or civil,

21   administrative, or regulatory action.

22          c.   The United States will be free to criminally prosecute

23   defendant for false statement, obstruction of justice, and perjury

24   based on any knowingly false or misleading statement by defendant.

25          d.   In any investigation, criminal prosecution, or civil,

26   administrative, or regulatory action: (i) defendant will not assert,

27   and hereby waives and gives up, any claim that any Cooperation

28   Information was obtained in violation of the Fifth Amendment

21

1   privilege against compelled self-incrimination; and (ii) defendant

2   agrees that any Cooperation Information and any Plea Information, as

3   well as any evidence derived from any Cooperation Information or any

4   Plea Information, shall be admissible against defendant, and

5   defendant will not assert, and hereby waives and gives up, any claim

6   under the United States Constitution, any statute, Rule 410 of the

7   Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

8   Criminal Procedure, or any other federal rule, that any Cooperation

9   Information, any Plea Information, or any evidence derived from any

10  Cooperation Information or any Plea Information should be suppressed

11  or is inadmissible.

12              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

13                            OFFICE NOT PARTIES

14      26.  Defendant understands that the Court and the United States

15  Probation and Pretrial Services Office are not parties to this

16  agreement and need not accept any of the United States' sentencing

17  recommendations or the parties' agreements to facts or sentencing

18  factors.

19      27.  Defendant understands that both defendant and the United

20  States are free to: (a) supplement the facts by supplying relevant

21  information to the United States Probation and Pretrial Services

22  Office and the Court, (b) correct any and all factual misstatements

23  relating to the Court's Sentencing Guidelines calculations and

24  determination of sentence, and (c) argue on appeal and collateral

25  review that the Court's Sentencing Guidelines calculations and the

26  sentence it chooses to impose are not error, although each party

27  agrees to maintain its view that the calculations in paragraph 16 are

28  consistent with the facts of this case.  While this paragraph permits

                                    22

both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one — not the prosecutor, defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        30.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8
     TRACY L. WILKISON
9    Acting United States Attorney

10

11

12

13   _____        _____
     Emily Z. Culbertson                     Date
     Trial Attorney, Fraud Section
14

15

16   _____        07/08/2021
     Patricia Edilian                        _____
17   Defendant                               Date

18

19
     _____        July 8, 2021
20   Stanley Friedman                        _____
     Attorney for Defendant Patricia         Date
21   Edilian

22

23
     _____        July 8, 2021
24   Art Kalantar                            _____
     Attorney for Defendant Patricia         Date
25   Edilian

26

27

28

                              24

1                    CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charges and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19   _____        07/08/2021
                                            _____
20   Patricia Edilian                       Date
     Defendant

21

22              CERTIFICATION OF DEFENDANT'S ATTORNEY

23       I am Patricia Edilian's attorney.  I have carefully and

24   thoroughly discussed every part of this agreement with my client.

25   Further, I have fully advised my client of her rights, of possible

26   pretrial motions that might be filed, of possible defenses that might

27   be asserted either prior to or at trial, of the sentencing factors

28   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.


Stanley Friedman                         July 8, 2021
Attorney for Defendant Patricia          Date
Edilian


Art Kalantar 179                         July 8, 2021
Art Kalantar                             Date
Attorney for Defendant Patricia
Edilian